**L. Clyde DWIGHT, Lila E. House Dwight, and Dora H. Schoeneck, Executrix of the Estate of Laura E. House, Plaintiffs,**

**v.**

**The UNITED STATES of America, Defendant.**

**Civ. No. 8962.**

United States District Court
N. D. New York.

Argued March 25, 1963.

Submitted April 18, 1963.

Decided Aug. 2, 1963.

Bond, Schoeneck & King, Syracuse, N. Y., for plaintiffs; George C. Shattuck, Syracuse, N. Y., of counsel.

Welch & Welch, Syracuse, N. Y., for plaintiffs; Walter J. Welch, Syracuse, N. Y., of counsel.

Justin J. Mahoney, U. S. Atty., Syracuse, N. Y., for defendant; Arthur F. Barns, Asst. U. S. Atty., Syracuse, N. Y., Louis F. Oberdorfer, Asst. Atty. Gen., Edward S. Smith, David A. Wilson, Jr., Daniel J. Dinan, Rufus Stetson, Attys., Dept. of Justice, Washington, D. C., of counsel.

BRENNAN, Senior District Judge.

Defendant's motion to dismiss the complaint for failure to state a claim under the provisions of F.R.Civ.P. 12(b) (6) raises the question of the availability

to the plaintiffs of the provisions of Section 337 of the Internal Revenue Code of 1954, 26 U.S.C. § 337. The same question was posed and determined in the decision of this court in the action of Driscoll Bros. & Co. v. United States, D.C., 221 F.Supp. 603. Reference to that decision will be made herein.

■ For the purpose of this motion, the well pleaded material allegations of the complaint are taken as admitted; but conclusions of law are not so admitted. Moore's Federal Practice, 2d Ed. Vol. 2, pg. 2244. The complaint seeks the recovery of approximately $27,000. which represents a deficiency assessment of income tax for the year 1958 paid by the plaintiffs as transferees of L. House & Sons Company, Inc. The factual background as it appears from the allegations of the complaint will be briefly summarized below.

L. House & Sons Company, Inc., hereinafter referred to as the "corporation" was the owner of premises located at 713–15 North State Street, Syracuse, N. Y., where it engaged in the business of bottling and selling beverages. At all pertinent times, the present plaintiffs were shareholders in said corporation. On February 6, 1956, the premises of the corporation were condemned by the State of New York by the filing of a certain map in the office of the County Clerk of Onondaga County, New York. While not directly alleged in the complaint, it appears from the briefs and may be readily inferred that the action taken by the State was based upon the provisions of its Highway Law, McK.Consol. Laws, c. 25, § 30 which provides that upon the filing of the map with a description of the premises, the title of the property shall be vested in the People of the State. Informal notice of the action taken was given to the corporation and an offer was made to pay the sum of $80,000. as compensation for such taking. Formal notice of the condemnation was served upon the corporation on April 30, 1956. The offer, referred to above, was not acceptable and a claim in the amount of upwards of $200,000. was filed by the corporation on August 2, 1956 in accordance with New York procedure. The determination of just compensation was litigated in the Court of Claims of the State on November 26, 1957. No decision was rendered at that time. On December 26, 1957, the corporation, through its stockholders, resolved to liquidate the corporation "pursuant to the provisions of Section 337 of the Internal Revenue Code of 1954". The matter of just compensation was fixed by a judgment of the court on January 8, 1958. The amount awarded was $130,000. which sum, with interest, was paid to the plaintiffs on February 3, 1958. On March 5, 1958, the corporation was dissolved pursuant to the provisions of state law. A final liquidating dividend of the corporation's assets was declared on December 5, 1958. All assets were distributed at that time to the corporation's stockholders.

The corporation reported no gain upon the receipt of the sum awarded by the judgment in its final income tax return for the year 1958. The return was thereafter audited and an additional tax in the amount of about $25,000. was assessed against the plaintiffs as transferees of the dissolved corporation. The action taken was based upon the holding that the provisions of Section 337 of the Internal Revenue Code were not available to the plaintiff. The deficiency assessment was later paid by the plaintiff and the requisite procedures taken preliminary to the institution of this action.

It is the plaintiffs' contention that the deficiency assessment is illegal since the corporation was entitled to the benefit of Section 337. In effect, it is contended that the action of the State did not constitute a sale within the meaning of the above section until the amount of the compensation to be received had been fixed and that the adoption of the plan of liquidation prior to the judgment of the Court of Claims entitled the corporation to the benefits of the section, all of its assets having been distributed within the required time period. It is the de-

fendant's contention that the sale of the property took place at the time title passed and therefore the later adoption of the plan of liquidation did not bring the corporation within the provisions of the section. The opposing contentions appear to raise only a question of law which may well be decided upon this motion. Plaintiffs' argument, that the determination of the time of a sale, as the word is used in the tax statutes, is ordinarily a question of fact and controlled by the intention of the parties, is hardly applicable here. The taking of the title of the property by the State was an act in which the corporation took no part. There were no negotiations and it would seem to follow that intent is not an element in the matter of an involuntary conversion.

■ It is plain that if the benefits of Section 337 are to be available to the corporation, the plan of liquidation must have been adopted prior to the sale. The determination of the date thereof is then the key to the decision. The question is discussed at some length by this court in the Driscoll Bros. & Co. decision, referred to above. Reference to said decision is made and repetition of the pertinent part of same here is unnecessary. This court sees no material factual distinction between this case and that of Driscoll Bros. & Co. which would warrant a different result. Plaintiffs urge that in the Driscoll case, the plaintiff had notice of the imminent condemnation of its property and opportunity was thereby afforded to adopt a plan of liquidation prior to the actual passing of the title to the property condemned, while here the plaintiffs had no such notice. Plaintiffs proceed to argue that the purpose of the statute is nullified if the owner of the property condemned is not afforded the opportunity to avail himself of the provisions of Section 337 before the act itself occurs which brings about the liquidation. This argument is not without force from the standpoint of equity but the court must take the statute as it is written rather than to legislate by con-

struction. If the statute should be changed, it would seem to call for congressional rather than judicial action.

■ For the reasons indicated in the decision of Driscoll Bros. Co. v. United States, supra, this court holds that the "sale", as used in the tax statute, of the property involved took place on February 6, 1956 when the map was filed in the office of the County Clerk of Onondaga County, New York, that the provisions of Section 337 were and are not available to the taxpayers for the reason that the plan of liquidation was not adopted prior to the sale of said property and that the motion to dismiss should be and is granted, and it is

So ordered.