L. Clyde DWIGHT, Lila E. House Dwight, and Dora H. Schoeneck, Executor of the Estate of Laura E. House, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 221, Docket 28497.

United States Court of Appeals Second Circuit.

Argued Jan. 13, 1964.

Decided March 9, 1964.

Bond, Schoeneck & King, Syracuse, N. Y., George C. Shattuck, Syracuse, N. Y., of counsel, and Welch & Welch, Syra-

**974**

cuse, N. Y., Walter E. Welch, Syracuse, N. Y., of counsel for plaintiffs-appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Robert J. Golten, Attys., Dept. of Justice, Washington, D. C., Justin Mahoney, U. S. Atty., and Arthur F. Barns, Asst. U. S. Atty., of counsel, for defendant-appellee.

Before SWAN, MOORE and SMITH, Circuit Judges.

PER CURIAM.

Plaintiffs appeal from a judgment dismissing their complaint in an action against the United States for refund of federal income taxes. They are transferees of a corporation, L. House & Sons Co., Inc., which realized a capital gain on condemnation of its real estate in Syracuse, N. Y. They contend that the gain was not realized until February 1958, when the condemnation award was paid, and that the gain was exempted from taxation by section 337 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 337.[1] The United States contends that the gain was realized in February 1956 when the property was condemned. Judge Brennan so held in an opinion reported in 225 F.Supp. 933.[2]

The present appeal is governed by this court's recent decision in Wendell et al. v. C. I. R., 2 Cir., 326 F.2d 600 (1964). There the condemnation was by the City of New York and the procedure was such as to give the property owner notice of the intended condemnation. Here, condemnation of the corporation's property was effected under section 30 of the Highway Law, 24 McKinney's Consolidated Law of New York Annotated, c. 25, by filing a map and description of the prop-

erty in the office of the county clerk of Onondaga County on February 6, 1956. Hence the corporation had no opportunity to adopt a plan of liquidation before condemnation, and the conditions of section 337 could not be met. This may appear a harsh result, but if it is to be corrected Congress must act; the courts have no power to do so.

The judgment is affirmed on the authority of the Wendell decision.

---

1. 26 U.S.C. § 337:

"Sec. 337. Gain or loss on sales or exchanges in connection with certain liquidations

"(a) General rule.—If—

"(1) a corporation adopts a plan of complete liquidation on or after June 22, 1954, and

"(2) within the 12-month period beginning on the date of the adoption of such plan, all of the assets of the corporation

are distributed in complete liquidation, less assets retained to meet claims,

then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property within such 12-month period."

2. See also his opinion in Driscoll Bros. & Company v. United States, N.D.N.Y., 221 F.Supp. 603, a related case.